UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HILL-ROM COMPANY, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1545-RLY-WTL |
| | ) | |
| THERESA O'HOLLAREN, | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE; OR IN ALTERNATIVE TO TRANSFER FOR CONVENIENCE; OR IN ALTERNATIVE TO STAY**

Before the court is Defendant's Motion to Dismiss or Transfer for Improper Venue, or in the Alternative to Transfer for Convenience, or in the Alternative to Stay. For the reasons set forth below, the court **GRANTS** Defendant's motion to dismiss.

**I.  Background**

Defendant, Theresa O'Hollaren ("Defendant"), worked for Hill-Rom Company, Inc. ("Hill-Rom"), as a sales representative within the states of Oregon and Washington. (Declaration of Theresa O'Hollaren ("O'Hollaren Dec.") ¶ 3). In October 2005, Defendant signed an employment agreement with a forum selection clause which provided that a claim "of any type brought by Employee against the Company . . . must be maintained only in a court sitting in Marion County, Indiana, or Ripley County, Indiana, or, if a federal court, the Southern District of Indiana." (Declaration of Jason Bowers ("Bowers Dec.") ¶ 32). In January 2007, Defendant resigned her employment

1

with Hill-Rom.  (Amended Complaint, Ex. 2).

On October 31, 2007, Defendant filed with the Oregon Bureau of Labor Industries "BLI") a complaint alleging that Hill-Rom violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*., and Oregon Revised Statutes ("O.R.S.") § 659.030, by engaging in sex discrimination and retaliation, and by creating a hostile work environment.  (Amended Complaint, Ex. 2).  Hill-Rom subsequently received a letter from BLI dated November 23, 2007, stating that Defendant had "informed [the agency] of [her] intention to go to court."  (Amended Complaint, Ex. 4).

On November 29, 2007, Hill-Rom filed this action, seeking a declaratory judgment that "any federal or state law claims by [Defendant] against Hill-Rom alleging employment discrimination, hostile work environment and/or retaliation cannot be filed in any court other than a court listed in paragraph 32 of [Defendant's] Employment Agreement with Hill-Rom."  (First Amended Complaint for Declaratory Judgment ("Amended Complaint") ¶ 21).  Hill-Rom's action also seeks a declaratory judgment that Defendant's claims are not subject to jury trial pursuant to paragraph 31 of her Employment Agreement and that Hill-Rom "is not liable to [Defendant] under Title VII or O.R.S. § 659.030 arising out of the allegations contained in her Charge."  (Amended Complaint ¶¶ 22, 24).

On January 8, 2008, Defendant filed suit against Hill-Rom in the United States District Court for the District of Oregon (the "Oregon Action"), alleging sex discrimination and retaliation in violation of Title VII and O.R.S. § 659.030, and

wrongful termination in violation of Oregon state public policy.  (O'Hollaren Dec. ¶ 13; Declaration of Patricia M. Pascone ("Pascone Dec."), Ex. 1).  Since the filing of the Oregon Action, Hill-Rom filed a motion to dismiss or transfer pursuant to 28 U.S.C. § 1406 on grounds that the forum selection clause in Defendant's employment agreement requires that her suit proceed in the Southern District of Indiana.

On February 19, 2008, Defendant filed the instant motion to dismiss or transfer.  Because the court finds the motion to dismiss meritorious, the court begins its discussion with that motion below.

**II.    Discussion**

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  As is evident from the use of the word "may," a district court is not required to declare the rights and relations of parties.  *Essex Group, Inc. v. Cobra Wire & Cable, Inc.*, 100 F.Supp.2d 912, 914 (N.D. Ind. 2000) (citing *Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998) ("As is apparent from the use of the word 'may,' the Act does not obligate courts to issue declaratory judgments.")).  Rather, "district courts have wide discretion to decline to hear such actions."  *Id.*; *see also Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987) ("It is well settled that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction.").

The purpose of a declaratory judgment is twofold: (1) "to 'clarify[] and settl[e] the legal relations at issue'" and (2) "to 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Tempco*, 819 F.2d at 749 (quoting Borchard, *Declaratory Judgments* 299 (2d ed. 1941)).  The Seventh Circuit has identified two fact situations contemplated by a declaratory judgment action: "(1) The controversy has ripened to a point where one of the parties could invoke a coercive remedy (i.e. a suit for damages or an injunction) but has not done so; and (2) Although the controversy is real and immediate, it has not ripened to such a point, and it would be unfair or inefficient to require the parties to wait for a decision." *Id*.

Defendant argues that the court should exercise its discretion and dismiss Hill-Rom's First Amended Complaint for Declaratory Judgment on grounds that Hill-Rom's declaratory judgment action is an improper attempt to wrest Defendant's choice of forum. Defendant further contends that Hill-Rom's declaratory judgment action serves no useful purpose, as Hill-Rom has moved to dismiss or transfer the Oregon Action to the Southern District of Indiana.  In support of Defendant's arguments, she cites the court to *Tempco*, *supra*.  Thus, an appropriate starting point is with the *Tempco* case itself.

In *Tempco*, the parties were involved in a dispute over a trademark that used the greek letter omega.  The defendant, Omega, sent several letters to Tempco, asking it to cease its allegedly infringing use.  819 F.2d at 747.  After Tempco stated that it had no inclination to comply with Omega's demand, Omega sent a letter to Tempco stating that it had no alternative but to file suit to protect its mark.  *Id*.  The day Tempco received

4

Omega's letter, Tempco filed a declaratory judgment action. *Id*. Four days later, Omega filed a mirror image infringement suit in another district court. *Id*. In affirming the district court's dismissal of Tempco's declaratory judgment action, the *Tempco* Court stated:

> Omega's right to a coercive remedy, if any, has accrued. In such circumstances, a federal court may grant a declaratory judgment to prevent one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit. However, Omega has not engaged in such conduct. It promptly field [sic] suit to enforce its claim that Tempco had infringed its trademark. Thus, a declaratory judgment would serve no useful purpose and was properly denied.

*Id*. at 749. The *Tempco* Court rejected Tempco's assertion that because it had filed first, it is entitled to the forum of its choosing, stating:

> [T]he mere fact that Tempco filed its declaratory judgment action first does not give it a 'right' to choose a forum. This circuit has never adhered to a rigid 'first to file' rule. We decline Tempco's invitation to adopt such a rule here. . . The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. The federal declaratory judgment is not a prize to the winner of the race to the courthouse.

*Id*. at 749-50 (internal citations and quotations omitted).

While the court is reluctant to find, based upon the facts of this case, that Hill-Rom was trying to coerce Defendant into litigating in this forum by filing a declaratory judgment action here, the court still finds that dismissal of Hill-Rom's declaratory judgment action is proper. Hill-Rom received valid information that Defendant intended to sue it for employment discrimination, and therefore elected to file its action in this

venue because it is the venue designated in the forum selection clause contained within Defendant's employment agreement. However, Hill-Rom's declaratory judgment action no longer serves a useful purpose, and must therefore be dismissed.

Hill-Rom's declaratory judgment action asks the court to declare that its forum selection clause is valid with respect to the employment discrimination claims it expected Defendant to bring against it. Defendant's employment discrimination claims, however, are no longer prospective, as Defendant filed suit alleging those claims in the Oregon Action. Hill-Rom is challenging the forum selection clause there via a § 1406(a) motion to dismiss or transfer for improper venue. Hill-Rom's motion to dismiss or transfer the Oregon Action serves the same purpose as the instant declaratory judgment action – i.e., enforcing its forum selection clause. Accordingly, the court finds the instant declaratory judgment action filed by Hill-rom serves no useful purpose. The court therefore dismisses Hill-Rom's First Amended Complaint for Declaratory Judgment.

### III.  Conclusion

The court finds that Hill-Rom's First Amended Complaint for Declaratory Judgment should be dismissed. Accordingly, Defendant's Motion to Dismiss (Docket # 19) is **GRANTED**.

**SO ORDERED** this __4th__ day of June 2008.

```
                                    _____
                                    RICHARD L. YOUNG, JUDGE
                                    United States District Court
                                    Southern District of Indiana
```

Electronic Copies to:

Martin C. Dolan
DOLAN GRIGGS, LLP
martindolan@dolangriggs.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
christopher.murray@ogletreedeakins.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
steven.pockrass@ogletreedeakins.com